IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD RICHARD CHAZEN,

Petitioner,

v.

LOUIS WILLIAMS II,

Respondent.

OPINION & ORDER

17-cv-447-jdp

---

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Todd Richard Chazen is challenging the sentence enhancement he received under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for having three or more convictions "for a violent felony or a serious drug offense." Specifically, Chazen says he no longer has three convictions that satisfy § 924(e) in light of *United States v. Mathis*, 136 S. Ct. 2243 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons explained below, I will grant Chazen's petition and transfer the case to the sentencing court for resentencing.

BACKGROUND

In March 2011, a jury found Chazen guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). At the sentencing hearing on July 11, 2011, the court considered whether Chazen qualified for an enhancement under § 924(e) in light of five previous convictions, all from Minnesota state court: two convictions for second-degree burglary, a conviction for second-degree assault, a conviction for second-degree manufacture of a controlled substance, and a conviction for escape from custody. In its sentencing memorandum, the government stated that Chazen's two burglary convictions should not be counted

separately and that the drug offense did not qualify as a serious drug offense, but that the remaining three convictions were predicate offenses under § 924(e).

The sentencing court concluded that Chazen had "at least four" past convictions that were either a violent felony or serious drug offense, but did not specify what the convictions were. *United States v. Chazen*, No. 10-cr-332 (D. Minn.), Dkt. 71, at 10–11. The court imposed a 252-month term of imprisonment. *Id.* at 80.

On appeal, Chazen contended that his escape conviction was not a predicate offense under § 924(e). In opposing Chazen's appeal, the government withdrew its concessions about the burglary offense and the drug offense. The Court of Appeals for the Eighth Circuit rejected Chazens's contention about the escape conviction and affirmed the sentence. *United States v. Chazen*, 469 F. App'x 508, 509 (8th Cir. 2012).

In 2013, Chazen filed a motion under 28 U.S.C. § 2255, contending that his escape conviction did not qualify as a predicate offense in light of *Descamps v. United States*, 570 U.S. 254 (2013). He also said that the government could not rely on the drug conviction and one of the burglary convictions in light of its concession at sentencing. The court denied the motion, rejecting Chazen's argument under *Descamps* and concluding that Chazen's other arguments were procedurally defaulted. *Chazen*, No. 10-cr-332, Dkt. 89.

In May 2016, Chazen sought authorization from the Court of Appeals for the Eighth Circuit to file a second § 2255 motion. *Chazen v. United States*, No. 16-2231, Dkt. 2 (8th Cir. May 18, 2016). Before the court of appeals ruled on his application, he also filed a second § 2255 motion with the sentencing court. *Chazen*, No. 10-cr-332, Dkt. 92. He said that he was no longer an armed career criminal under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In response, the government agreed that Chazen's conviction for escape did not qualify as a

predicate offense in light of *Johnson*, but maintained that Chazen still qualified for a § 924(e) enhancement as a result of the other convictions. The court of appeals denied Chazen's application without explanation and the sentencing court denied the § 2255 motion for lack of jurisdiction. *Chazen*, No. 10-cr-332, Dkt. 93 and Dkt. 95.

ANALYSIS

The parties agree that the validity of Chazen's sentence enhancement under § 924(e) rests on his two burglary convictions. This is because the parties agree that Chazen's convictions for escape and manufacture of a controlled substance no longer qualify as predicate offenses under § 924(e) in light of intervening Supreme Court precedent. And Chazen appears to concede that his assault conviction is a violent felony under § 924(e). Because three predicate offenses are required for an enhancement under § 924(e), Chazen is entitled to resentencing if he can prevail on his claim that his two burglary convictions do not qualify as violent felonies in light of *Mathis* and *Johnson*.[1]

Section 924(e) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

- "has as an element the use, attempted use, or threatened use of physical force against the person of another";

- "is burglary, arson, or extortion, [or] involves the use of explosives"; or

- "otherwise involves conduct that presents a serious potential risk of physical injury to another."

---

[1] Chazen no longer contends—as he did in earlier proceedings—that the court may consider only one of his burglary convictions.

18 U.S.C. § 924(e)(2)(B). Minnesota defines second-degree burglary as follows: "Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the second degree" if certain aggravating factors are present. Minn. Stat. § 609.582(2)(a).

There is no dispute that Minnesota's second-degree burglary statute does not satisfy the first definition of "violent felony." And there appears to be no dispute that the third definition, the so-called "residual clause," cannot apply because the Supreme Court held in *Johnson* that the residual clause was unconstitutionally vague. This leaves the second definition. Although that definition lists "burglary" as a violent felony, a state burglary statute qualifies as burglary under § 924(e) only if the statute's elements match the elements of "generic" burglary, defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). If the state law is broader than that, it does not qualify. *Id.*

Chazen contends that his second-degree burglary conviction does not qualify as a generic burglary under § 924(e)(2)(B) in light of *Mathis.* That case involved the distinction between criminal statutes that list alternative elements (thus creating multiple offenses) and statutes that create a single offense with alternative means of satisfying an element of that offense. *Mathis*, 136 S. Ct. at 2250–51, 2251 n.1. If a statute lists alternative elements, it is "divisible" and the court can employ the "modified categorical approach," which means that a court can look beyond the conviction itself to determine whether the prisoner's conviction qualifies as a generic burglary. *Id.* at 2249. But if the statute defines a single offense with alternative means of satisfying a particular element, it is "indivisible" and the court must

employ the "categorical approach," which means that the court is limited to comparing the elements of the generic crime to the elements of the crime that is the basis for the conviction. *Id.* at 2251. Chazen says that Minnesota's second-degree burglary statute is indivisible and is broader than generic burglary because the statute permits a conviction even if the defendant did not have the intent to commit a crime.

The issues in dispute narrowed significantly after the parties finished briefing. The Court of Appeals for the Seventh Circuit held that a conviction for second-degree burglary in Minnesota does *not* qualify as a violent felony under the § 924(e), for the reason stated by Chazen. *Van Cannon v. United States*, 890 F.3d 656, 665 (7th Cir. 2018). This is the same conclusion that the Court of Appeals for the Eighth Circuit reached a few months earlier. *United States v. Crumble*, 878 F.3d 656, 661 (8th Cir. 2018).

*Van Cannon* would seem to resolve this case. If Chazen's burglary convictions are taken out of the mix, this leaves only one predicate offense. But the government raises an alternative argument that Chazen's claim is barred under the so-called "savings clause" in § 2255, which states that a federal prisoner may not bring a habeas petition under § 2241 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The government says that Chazen cannot satisfy § 2255(e) because he could have raised his claim in his § 2255 motion, but failed to do so.[2]

There is no dispute that Chazen is raising his claim for the first time now. And both sides agree that a prisoner can forfeit his right to bring a § 2241 petition by failing to raise the claim earlier. But the parties disagree about the standard. According to the government, Chazen

---

[2] There are other requirements in § 2255(e), but the government does not deny that Chazen has satisfied them, so it is not necessary to consider them.

must show that, since he filed his § 2255 motion, "a new case overturned binding circuit precedent." Dkt. 13, at 14. Chazen's view of the standard is not as clear. He alternatively states that he "needs to show that he's relying on *Mathis*," Dkt. 15, at 10, that "binding precedent set the standard under which the particular state offense was a predicate," *id.* at 12, and that "there was binding law under which the relevant offense was an ACCA predicate," *id.* at 15.

The Court of Appeals for the Seventh Circuit has not described the requirement at issue in great detail.[3] In some instances, the court simply says that a petitioner must show that he is relying on a "new rule . . . [that] could not have been invoked in [an] earlier proceeding." *E.g.*, *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017); *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). *See also Davis v. Cross,* 863 F.3d 962, 964 (7th Cir. 2017) ("[T]he new rule must be previously unavailable."); *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016) ("[T]he prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion."). But in other instances, sometimes in the same case, the court has stated that the petitioner must show that his claim was "foreclosed" by binding precedent when he filed his § 2255 motion. *E.g.*, *Prevatte*, 865 F.3d at 899; *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007). The court has also framed the question as whether "the law was

---

[3] Both sides assume that Seventh Circuit law is controlling on this issue, so I will do the same. *But see Cano v. Warden USP-Terre Haute*, No. 17-cv-441, 2018 WL 3389746, at *3 (S.D. Ind. July 12, 2018) (joining other district courts that "have concluded that they should apply the law of the circuit of conviction in reviewing a sentence or conviction under section 2241, in part to avoid inconsistent results with motions under § 2255, which apply the law of the circuit where the petitioner was convicted") (internal quotations omitted). For what it's worth, the Eighth Circuit standard does not appear to be materially different from the more stringent version of the Seventh Circuit's standard, which I conclude Chazen has satisfied, as discussed below. *Abdullah v. Hendrick*, 392 F.3d 957, 963 (8th Cir. 2004) ("§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand.").

squarely against" the petitioner at the time he filed his § 2255 petition. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015), whether it would have been "futile" for the petitioner to raise the claim earlier, *Davis*, 863 F.3d at 964, and whether the petitioner "clearly would have lost" had he raised the argument earlier, *Brown v. Caraway*, 719 F.3d 583, 595 (7th Cir. 2013).

In *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014), the court acknowledged that it had articulated the standard in different ways, but the court did not say which version was the correct one. Instead, it concluded that the petitioner satisfied even the most demanding standard because "binding precedent . . . barred" the claim at issue when the petitioner filed his § 2255 motion. *Id.* Since *Light*, the court has continued to describe the standard in different ways without providing any further clarification.

The government says that the more demanding standard is the correct one and that Chazen cannot prevail on his claim because the Court of Appeals for the Eighth Circuit did not need to overrule any precedent in order to hold that third-degree burglary is not a violent felony under § 924(e). *United States v. McArthur*, 850 F.3d 925, 938 (8th Cir. 2017).[4] I agree with Chazen that the government's view of the law is too narrow and that Chazen is entitled to relief even if he must show that binding precedent foreclosed his claim when he filed his § 2255 motion.

Although *McArthur* did not explicitly overrule any Eighth Circuit decisions, the court concluded that it was not necessary to do so on the most technical of grounds. In fact, the court acknowledged that it held in *United States v. Constantine*, 674 F.3d 985, 990 (8th Cir. 2012),

---

[4] Chazen's convictions are for second-degree burglary, but the parties agree that second-degree burglary and third-degree burglary are the same in Minnesota for the purpose of Chazen's claim in this case because a person can commit either of them without an intent to commit a crime. *Van Cannon*, 890 F.3d at 660.

that third-degree burglary in Minnesota is a violent felony within the meaning of § 924(e). The court said that it did not consider *Constantine* to be "controlling" because that case "did not specify that a conviction under both of the alternatives in the current version of the Minnesota third-degree burglary statute qualified as a generic burglary under *Taylor.*" *McArthur*, 850 F.3d at 938. But the holding in *Constantine* does not include the qualification identified in *McArthur*. Rather, *Constantine* states without equivocation that third-degree burglary in Minnesota qualifies as a violent felony. *Constantine*, 674 F.3d at 990 ("We have also already decided, as recently as 2009, that Minnesota's third-degree burglary statute, under which Constantine was repeated[ly] convicted, qualifies as a 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii).") (citing *United States v. Sonczalla*, 561 F.3d 842, 846 (8th Cir. 2009)). The court in *Constantine* considered the point to be so well established that it devoted only one paragraph to the question. Thus, when Chazen filed his § 2255 petition in 2013, there would have been no reason for him to think that he could challenge his sentence enhancement on the ground that his burglary convictions were not violent felonies. Under any objective view of the case law, his position was foreclosed by binding precedent.

This is enough to rule in Chazen's favor, but as Chazen points out, there is more. Although the government focuses on the question whether Chazen could have previously raised a claim under the theory articulated in *Mathis*, Chazen is also relying on *Johnson*, in which the Supreme Court held that the residual clause in § 924(e)(2)(B) is unconstitutional. Like *Mathis*, *Johnson* was decided after Chazen filed his § 2255 motion.

Before *Johnson*, the law in the Eighth Circuit was that any burglary or even attempted burglary was a violent felony because those crimes created "a serious potential risk of physical injury to another" within the meaning of the residual clause. *Woods v. United States*, 805 F.3d

8

1152, 1153 (8th Cir. 2015). In fact, the test for determining whether a particular conviction satisfied the residual clause was whether the crime at issue created a potential risk of physical injury that was "similar" to burglary and other specified crimes. *United States v. Smith*, 645 F.3d 998, 1003 (8th Cir. 2011) (citing *Sykes v. United States*, 546 U.S. 1 (2011)). *See also United States v. Abari*, 638 F.3d 847, 850–51 (8th Cir. 2011) ("[W]e conclude that Minnesota's theft from person offense is a violent felony because it is roughly similar to burglary, in kind as well as in degree of risk posed, in that it typically involves purposeful, violent, and aggressive conduct.").

In *United States v. LeGrand*, 468 F.3d 1077, 1082 (8th Cir. 2006), the court explicitly held that third-degree burglary in Minnesota is a "crime of violence" under the Sentencing Guidelines because burglary "always" presents a serious risk of physical injury. Because the Court of Appeals for the Eighth Circuit construes the terms "crime of violence" under the Sentencing Guidelines and "violent felony" under § 924(e) as "interchangeable," *United States v. Mata*, 869 F.3d 640, 644 (8th Cir. 2017), it follows that *LeGrand* would apply to § 924(e) as well. *LeGrand* is also relevant because the court held that Minnesota third-degree burglary satisfies the "generic burglary" definition in *Taylor*, which is contrary to both *Van Cannon* and *McArthur*.

The bottom line is that it would have been futile for Chazen to contend in 2013 (or during his direct appeal) that his burglary convictions did not qualify as violent felonies under § 924(e). Such a claim would have been barred under multiple lines of Eighth Circuit precedent. Because the government has not identified any other grounds for denying Chazen's petition, I conclude that Chazen is entitled to relief and I will transfer the case to the District of Minnesota so that he can be resentenced without regard to § 924(e).

ORDER

IT IS ORDERED that petitioner Todd Richard Chazen's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. This case is TRANSFERRED to the United States District Court for the District of Minnesota for the purpose of resentencing without regard to 18 U.S.C. § 924(e).

Entered July 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge